MICHELE POWER
SEAN BROWN
WHITNEY POWER
POWER AND BROWN, LLC
P.O. BOX 1809
BETHEL, ALASKA 99559
Telephone: 907-543-4700
Facsimile: 888-887-1146

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MOSES EDWARDS,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No.\_\_\_\_\_ cv _____ ( \_\_\_\_\_ )<br><br>COMPLAINT FOR DAMAGES |

For his complaint, plaintiff, by and through counsel Power and Brown, LLC, alleges as follows:

Parties and Jurisdiction

1.  This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. Jurisdiction is based on 28 U.S.C. § 1346(a) (2) and 1346(b).

2.  Plaintiffs submitted timely administrative claims based on the facts alleged herein

- 1 -

to the Department of Health & Human Services. More than six months has passed since the receipt of the claims, which have been neither admitted nor denied. The claims are deemed by plaintiffs to be denied, pursuant to 26 U.S.C. § 2675.

3. At the time of the conduct that forms the basis for the allegations in plaintiff's Complaint, the Yukon-Kuskokwim Delta Regional Hospital ("YKDRH") through Yukon-Kuskokwim Health Corporation ("YKHC") was carrying out a compact agreement with the Indian Health Service, and is deemed to be part of the Indian Health Service in the Department of Health and Human Services of the United States of America pursuant to Public Law 101-512, Title III, section 314.

Common Factual Allegations

4. Plaintiff Moses Edwards is a resident of Pilot Station, Alaska.

5. On or about April 3, 2009, Plaintiff presented to the emergency room of the YKDRH in Bethel, Alaska complaining of a worsening cough and itchy throat.

6. Health care providers at YKDRH diagnosed Plaintiff with pneumonia and told him to return to the facility for a follow-up appointment on April 6, 2009.

7. When Plaintiff returned to YKDRH on April 6, 2009, health care providers admitted him for further treatment.

8. In an extreme departure from the standard of care under circumstances where a high degree of danger was apparent, health care providers at YKDRH discharged Plaintiff on April 12, 2009, despite his continuing illness, and he flew home to

Pilot Station.

9. While in Pilot Station, Plaintiff's condition worsened and he presented to YKHC's Pilot Station Clinic on or about April 15, 2009 and again on April 16, 2009.

10. On April 16, 2009, health care providers at the Pilot Station Clinic diagnosed Plaintiff with respiratory distress and medivaced him to YKDRH in Bethel, and then to the Alaska Native Medical Center ("ANMC") in Anchorage, Alaska for further evaluation and treatment.

11. Plaintiff remained at ANMC until May 18, 2009, where he was treated for pneumonia, septic shock and acute respiratory failure.

12. In view of the above, health care providers at YKDRH knew or had reason to know of facts which would lead a reasonable health care provider to realize that failure to identify Plaintiff's symptom and failure to continue inpatient treatment of Plaintiff at YKDRH or transfer Plaintiff to ANMC for further evaluation and treatment not only created an unreasonable risk of bodily harm to him but also involved a high degree of probability that substantial harm will result to him.

13. YKHC health care providers' conscious conduct demonstrated a deliberate disregard of Plaintiff's rights and constitutes an extreme departure from the standard of care under the circumstances.

14. As a result, Plaintiff was hospitalized and required a lengthy recovery period.

First Claim for Relief: Negligence

15. Plaintiff incorporates by reference all prior allegations herein.

16. The examination, care and control of the treatment of Plaintiff was performed by employees of the YKHC, through the Department of Health and Human Services, an agency of the United States of America. At all relevant times herein, said employees were acting within the scope of their employment.

17. In the aforesaid examination and control of the care and treatment of Plaintiff the defendant's employees negligently failed to possess that degree of knowledge and skill ordinarily possessed and exercised at the time by other health care providers in the field or specialty in which they were practicing.

18. As a proximate result of the negligence of the employees and agents of the defendant, Plaintiff suffered pecuniary damages.

19. As a proximate result of negligence of the employees and agents of the defendant, Plaintiff suffered physical injury, emotional distress, pain and suffering, inconvenience, loss of enjoyment of life, in an amount to be proven at trial.

## Second Claim for Relief: Recklessness

20. Plaintiff incorporates by reference all prior allegations herein.

21. The examination, care and control of the treatment of Plaintiff performed by employees of the YKHC, through the Department of Health and Human Services, an agency of the United States of America. At all relevant times herein, the employees were acting within the scope of their employment.

22. In a reckless departure from the standard of care in a situation where a high degree of danger was apparent, YKHC employees failed to identify Plaintiff's symptoms and failed to continue inpatient treatment of Plaintiff at YKDRH or transfer Plaintiff to ANMC for further evaluation and treatment.

23. YKHC employees knew or had reason to know of facts which would lead a reasonable health care provider to realize that these failures not only created an unreasonable risk of bodily harm to Plaintiff but also involved a high degree of probability that substantial harm will result to him.

24. YKHC health care providers' conscious conduct demonstrated a deliberate disregard of Plaintiff's rights and constitutes an extreme departure from the standard of care under the circumstances.

25. YKHC health care providers' unreasonable conduct was willful, wanton and/or reckless, and involved an extreme departure from the standard of care under these circumstances where it was apparent that there was a high degree of danger that Plaintiff's condition was extremely serious.

26. As a proximate result of YKHC health care providers' recklessness, Plaintiff suffered pecuniary damages.

27. As a proximate result of YKHC health care providers' recklessness, Plaintiff suffered physical injury, emotional distress, pain and suffering, inconvenience, loss of enjoyment of life, in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE plaintiff demands judgment for compensatory damages in excess of $5,000,000, the precise amount to be proven at trial, plus allowable costs, interest, and attorneys' fees.

RESPECTFULLY SUBMITTED this 10th day of August, 2010, at Bethel, Alaska.

s/ Michele L. Power<br>
P.O. Box 1809<br>
Bethel, Alaska 99559<br>
Phone: (907) 543-4700<br>
Fax: (888) 887-1146<br>
E-mail: admin@powerbrown.com<br>
ABA No. 9510047