KAREN L. LOEFFLER
United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska  99513-7567
Telephone: (907) 271-5071
Facsimile: (907) 271-2344
Richard.Pomeroy@usdoj.gov
Alaska Bar No. 8906031

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MOSES EDWARDS <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA <br><br> Defendants. | ) Case No. 4:10-cv-00024-RRB <br> ) <br> ) **MOTION FOR SUMMARY** <br> ) **JUDGMENT and MEMORANDUM** <br> ) **IN SUPPORT** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Defendant United States, through counsel, moves for summary judgment pursuant

to Fed.R.Civ.P. 56.

This motion is supported by the following memorandum.

## MEMORANDUM OF LAW

I.  BACKGROUND FACTS AND ALLEGATIONS

Plaintiff Moses Edwards has sued the United States for medical malpractice. He claims that doctors at the Yukon Kuskokwim Delta Regional Hospital (YKDRH) were negligent in their treatment of him. Specifically, he alleges that:

> In an extreme departure from the standard of care under circumstances where a high degree of danger was apparent, health care providers at YKDRH discharged Plaintiff on April 12, 2009, despite his continuing illness, and he flew home to Pilot Station.

Docket 1, Complaint at 2-3. Mr. Edwards alleges that the defendant was negligent and reckless in their care of him.

The deadline to exchange expert reports was extended to January 17, 2012.[1] To support his allegations, Mr. Edwards has retained an economist to testify about financial loss. He did not produce any report of an expert addressing liability. Defendant produced its expert's report that there was no negligence in defendant's care of Mr. Edwards.[2]

II.  DISCUSSION

   A. **Standards For Summary Judgment**

Summary judgment is appropriate when there 'is no genuine issue as to any

---

[1] Docket 13.

[2] Exhibit A.

Edwards v. USA
Case No. 4:10-cv-00024-RRB            -2-

material fact" and "the moving party is entitled to a judgment as a matter of law," Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The utility of summary judgment in federal courts has been increased dramatically by the Supreme Court's clarification of the burden of the parties under Fed. R. Civ. P. 56.

> First, the courts have made it clear that if a non-moving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine disputable fact with respect to the existence of that element, then summary judgment is appropriate. . . . Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Finally, if the factual context makes the non-moving parties claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. . . . No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment.

*Cal. Arch. Bldg. Prod., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (citations omitted).

In the federal system, summary judgment is not a "disfavored procedural shortcut." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 2555 (1986). This court is required to enter summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 2552-2553. Summary judgment is not defeated by any factual dispute; the issue must be genuine and material. *Bukoskey v. Shuham*, 666 F. Supp. 181,

184-85 (D. Alaska 1987).

In the present case, there are no genuine issues of material fact that Edwards has not met his burden of proof in establishing that the Alaska Native Medical Center (ANMC) provided negligent care. At issue are legal questions well suited to summary judgment.

### B. Plaintiff Has Failed to Meet his Burden

In Alaska, medical malpractice actions are governed by AS 09.55.540, which places the burden of proof on the plaintiff. The statute states:

> (a) In a malpractice action based on the negligence or wilful misconduct of a health care provider, the plaintiff must prove by a preponderance of the evidence
> (1) the degree of knowledge or skill possessed or the degree of care ordinarily exercised under the circumstances, at the time of the act complained of, by health care providers in the field or specialty in which the defendant is practicing;
> (2) that the defendant either lacked this degree of knowledge or skill or failed to exercise this degree of care; and
> (3) that as a proximate cause of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not have otherwise been incurred.
> (b) In malpractice actions there is no presumption of negligence on the part of the defendant.

In *Kendall v. State, Division of Corrections,* 692 P.2d 953 (Alaska 1984), the Alaska Supreme Court held that "[i]n medical malpractice actions . . . the jury ordinarily may find a breach of professional duty only on the basis of expert testimony." *Id.* at 955; *Gallant v. U. S.*, 392 F. Supp. 2d 1077, 1080 (D.Alaska, 2005). The primary exception to

Edwards v. USA
Case No. 4:10-cv-00024-RRB         -4-

this rule is if the negligence claimed would be evident to lay people.  *Id*.  Thus, a plaintiff is required by law to support his claim with expert testimony unless the causation of his alleged injury was of a non-technical nature.  The medical negligence that Mr. Edwards alleges in this case does not fall within this category.

Mr. Edwards bears the burden of proving, through expert testimony, his allegations that the doctors at YKDRH improperly discharged him from the hospital on April 12 after 6 days of hospitalization.  He has failed to meet this burden and the deadline to produce expert reports has passed.

### III. CONCLUSION

Mr. Edwards has failed to meet his burden of supporting his allegations of medical negligence with expert opinions.  This failure merits summary judgment and dismissal of his claims against the defendant.

RESPECTFULLY SUBMITTED this 6th day of February, 2012, in Anchorage, Alaska.

    KAREN L. LOEFFLER
    United States Attorney

    s/Richard L. Pomeroy
    Assistant U.S. Attorney
    Attorney for the United States

**CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2012,
a copy of the foregoing **MOTION FOR
SUMMARY JUDGMENT and
MEMORANDUM IN SUPPORT**
was served electronically on:

Michele Power

s/Richard L. Pomeroy

Edwards v. USA
Case No. 4:10-cv-00024-RRB -6-